## Case No. 16,106a.

### UNITED STATES v. QUANTITY OF TOBACCO.

[5 Ben. 457; 16 Int. Rev. Rec. 132; 15 Int. Rev. Rec. 19.] [1]

District Court, S. D. New York. Jan. 19, 1872. [2]

INTERNAL REVENUE—FORFEITURE—FORM OF VERDICT.

1. In an action brought to forfeit. for violation of the internal revenue acts. a quantity of manufactured tobacco, and a quantity of raw

---

[1] [Reported by Robert D. Benedict, Esq.. and here reprinted by permission. 15 Int. Rev. Rec. 19. contains only a partial report.]

[2] [Affirmed by the circuit court. Case unreported.]

materials, and certain tools and other property, the jury rendered a verdict "in favor of the United States, condemning the goods." On a motion to arrest judgment on the verdict: Held, that the verdict was a verdict in favor of the United States on each of the three issues presented to the jury.

2. The words "condemning the goods" did no harm, but might be rejected as surplusage.

3. Under the 32d section of the act of September 24, 1789 (1 Stat. 91), the court was authorized to give judgment as the right appeared, without regarding any imperfection or want of form in the verdict, if such had existed.

[This was an information of forfeiture against a quantity of tobacco claimed by C. H. Lilienthal. Upon the trial a verdict of condemnation was returned. Case No. 16,105. A motion for a new trial was afterwards denied (Case No. 16,106), and the claimant has now moved in arrest of judgment.]

George T. Curtis, for the motion.

Thomas Simons, Asst. U. S. Dist. Atty., opposed.

BLATCHFORD, District Judge. This is an information brought by the United States, in a cause of seizure on land, under the internal revenue laws of the United States. The information alleges, that, on the 25th of March, 1868, a collector of internal revenue, who is named, "seized the following described property, for a forfeiture incurred under the laws of the United States, that is to say, a quantity of manufactured tobacco, and certain tools, vessels, utensils, implements, instruments, etc., etc., being all the personal property found at the tobacco manufactory of C. H. Lilienthal, 221 Washington street, and now has the same in custody within such Southern district, as forfeited to the United States for the following causes: That, prior to said seizure, taxes were imposed by the provisions of law upon the said tobacco, and the same, being so subject to the payment of taxes, as aforesaid, were found by the said collector in the possession and custody, and within the control, of some person or persons to the said attorney unknown. for the purpose of being sold and removed by such person or persons in fraud of the internal revenue laws, and with design to avoid payment of said taxes, against the 48th section of the act of congress, approved June 30th, 1864, entitled 'An act to provide internal revenue to support the government, to pay interest on the public debt, and for other purposes,' as amended by the act of July, 13th, 1866; that the said articles of raw material were found in the possession of some person or persons to the said attorney unknown, the said person or persons then and there intending to manufacture the same into articles of a kind subject to tax, for the purpose of fraudulently selling such manufactured articles, and with design to avoid the payment of said tax, against the 48th section aforementioned, as amended as aforesaid; that the said tools, implements, instruments, and per-

sonal property were found in the place or building, and within certain yards and enclosures, where said tobacco and said raw materials were found as aforesaid, whereby they became liable to forfeiture by the provisions of the 48th section aforesaid, as amended as aforesaid." The information then avers, that, "by reason thereof, and by force of the statutes in such case made and provided, the aforementioned goods, wares, and merchandise became and are forfeited to the use in the said statutes provided." The prayer is, "that due process issue in that behalf, as well of attachment to bring said property within the custody of the court, as of monition to all parties in interest; * * * and, due proceedings being had thereon, that, for the causes aforesaid, the said goods, wares, and merchandise be condemned by decree of forfeiture, and the proceeds of the sale, or such other disposition thereof as the court shall direct, distributed according to law." On the 4th of April, 1868, a claim to the property seized was filed, entitled, "A quantity of manufactured tobacco, &c., &c., found at No. 221 Washington street, asm. The United States." The claim says: "And now, Christian H. Lilienthal, owner of the above-named property, intervening for the interest of himself in the said property, appears * * * and makes claim to the said property, &c., as the same are attached by the marshal, under process of this court, at the instance of the United States; and * * * avers that he was in possession of the said property at the time of the attachment thereof, and that he is the true and bona fide owner of the said property, and that no other person is the owner thereof; wherefore, he prays to defend accordingly." The monition to the marshal commanded him to attach the property, by commanding him to attach "the said goods, wares, merchandise, and articles," which were thereinbefore described by the same words as in the information. The return of the marshal was, that he had attached "the quantity tobacco, &c.," described in the monition. The answer, which was filed on the 4th of June, 1868, says: "And now, Christian H. Lilienthal, the claimant of the said goods, wares, and merchandise, for answer to the libel of information filed against the same, comes and answers the said information as follows: The said claimant denies that the said goods, wares, and merchandise, or any part thereof, became or are forfeited in the manner and form in the said information alleged." On the 13th of April, 1868, an order was made, entitled in the case as one against "a quantity of manufactured tobacco, &c., factory of C. H. Lilienthal, 221 Washington street," appointing three appraisers, on motion of the counsel for the claimant, "to appraise the value of the property proceeded against herein," and directing that "the said property" be released to the claimant on his filing due claim and giving bond in double the appraised value, to be ap-

proved according to law. The report of the appraisers, entitled in the case as one against "a quantity of manufactured tobacco, &c., found at the factory of C. H. Lilienthal, No. 211 Washington street," and filed May 1st, 1868, says: "The undersigned, having been duly appointed and sworn as appraisers to appraise the value of the property proceeded against herein, do report that we have examined and appraised said property, and do find that said property (as per schedule hereto annexed) is worth the sum of one hundred and four thousand three hundred and ninety-one dollars seventy-eight cents ($104.391 78)." A schedule of appraisement of values by items is annexed to the report. On the 12th of June, 1868, an order was made, entitled in the case as one against "a quantity of manufactured tobacco, &c., found in the factory of C. H. Lilienthal, 221 Washington street," ordering, on the motion of the proctor for the claimant, that "the said property" be released to the claimant upon his giving bond in the appraised value, to be approved according to law, instead of in double that amount.

The issues joined in the cause were tried before the court and a jury, and the minutes of the court, of the 8th of May, 1871, state, that, after the charge of the court to the jury, they retire, and, upon their return, say, "that they find for the United States, condemning the goods, and so they say all:" and that then it was ordered that the claimant have thirty days from that date to make a case, or turn the same into a bill of exceptions. [See Case No. 16,105.]

No judgment has yet been entered on such verdict, and now the claimant moves that judgment on the information be arrested, and that the trial be declared to have been a mistrial, (1) because no verdict of the jury was recorded or filed before the jury were discharged; (2) because no verdict of the jury was returned before the jury were discharged; (3) because, when the jury returned into court, after considering of their verdict, and were inquired of, by order of the court, if they had agreed upon their verdict, it appears by the minutes of the clerk that the answer was, "They find for the United States, condemning the goods," and no other or different answer was made by the jury before they were discharged, and no other or different record was made thereon before the jury were discharged, and the jury were discharged and separated immediately after they had made the answer aforesaid, and the answer of the jury, so minuted, is not, and was not, a verdict upon the issues put to the jury under the information and the answer or pleas of the claimant, lawful and sufficient to authorize the rendition and entry by the court of a judgment of forfeiture of the property seized, or any part thereof.

The objection is, not that the verdict received and recorded—that the jury "find for the United States, condemning the goods"—was not received, and recorded in those words, by

the court, in the minutes, before the jury separated or were discharged, but, that such verdict is not a verdict on which a judgment of forfeiture of the property seized, or any part thereof, can be rendered by the court.

The ground urged in support of the motion is, that, by the pleadings, three distinct issues were raised: one as to the manufactured tobacco; one as to the articles of raw material; and one as to the tools, implements, instruments, and personal property; that the answer denies a forfeiture of the property, or of any part of it, in manner and form alleged in the information, and therefore traverses each allegation of the information; that the verdict does not find the facts of each or of any one of the issues on which the judgment of forfeiture depends; and that the verdict does not embrace enough to enable the court to amend it, or to render a judgment in accordance with the issues. It is claimed, as a rule of law, that, where the issue involves facts which govern the right of the plaintiff to have judgment in his favor, the verdict must find those facts, or no judgment can be rendered; and that, in the present case, the verdict finds no fact whatever under either of the distinct issues. It is also claimed, that, although, under the 32d section of the act of September 24th, 1789 (1 Stat. 91), the court has the power to cure defects in the forms of verdicts, the verdict must be substantially sufficient to enable the court to render a judgment in accordance with the issues; that the statute cannot reach this case; that the verdict does not enable the court to see that the jury intended to find one, or two, or all three of the issues for the United States; that the verdict is as consistent with a finding of one only, as with a finding of two or three, and as consistent with the finding of all as of one; that, to enter a judgment of forfeiture of all the three kinds of property, on the assumption that there was but one issue, which comprehended all the property seized, and that such issue has been found for the United States, would contradict the pleadings, the evidence, and the justice of the case; that, under the information, and according to the statute, the raw materials cannot be forfeited because the manufactured articles are proved to be subject to forfeiture, nor can the tools, &c., be forfeited because the manufactured articles and the raw materials are forfeited, unless it is proved that the tools, &c., were found in the same place with the manufactured articles or the raw materials; that, although there was evidence, on the trial, that the claimant was a manufacturer and seller of articles of a kind subject to tax, and that articles of such a kind were found in his possession, and that he had, in regard to them, an intent to sell them without paying the tax on them, the verdict does not find any one of those facts, or contain anything that enables the court to see that the jury intended to find those facts; that, although there was evi-

dence, on the trial, that raw materials of the kind used by the claimant in his business were found in his possession, and that he intended to manufacture them into articles of a kind subject to tax, and intended to sell such articles without paying the tax on them, the verdict does not find any one of those facts, or show that the jury intended to find for the United States on the issue as to the raw materials, because their verdict is just as good for the first issue as for the second; that, as to the tools, &c., there was no evidence that they were found in the same place with the manufactured articles or the raw materials, and the verdict finds nothing that enables the court to see that the jury intended to find the third issue for the United States; that, if the jury had said that they had found for the United States on all the issues, the verdict, though bad in form, could have been cured; that the verdict does not affirm, or purport to affirm, all the issues, and the court cannot conjecture that the jury intended to affirm all the issues; that the substantial meaning of the verdict is not manifest, as it might have been returned on only one issue as well as on two or three issues, and the court has no means of determining on which issue to render judgment; and that the indeterminate character of the verdict further appears by the words, "condemning the goods," leaving it doubtful whether the jury intended all the articles seized, or a part only, and, if a part only, which part, there having been evidence which, under the instructions of the court, might have warranted a verdict for the United States on the first issue, or on the second issue, but no evidence that would have warranted a verdict for the United States on the third issue.

I have detailed at some length the views urged on the part of the claimant, in order that it may be seen that they are understood. But I am unable to appreciate their force, as applied to the facts of this case. It is entirely clear, that "the property" and "the personal property" spoken of in the information as seized, and "the aforementioned goods, wares, and merchandise" spoken of in the information as forfeited, and "the said property" against which the information prays for process, and "the said goods, wares, and merchandise" which the information prays may be condemned, and "the above named property" and "the said property" spoken of in the claim, and "the said goods, wares, merchandise and articles" and "the personal property" spoken of in the monition, and "the quantity tobacco, &c.," spoken of in the return to the monition, and "the said goods, wares and merchandise" spoken of in the answer, and "the property proceeded against herein," and "the said property" spoken of in the order of April 13th, 1868, and "the property proceeded against herein" and "said property," spoken of in the report of the appraisers, and "the said property"

spoken of in the order of June 12th, 1868, are expressions, all of which comprehend the same identical articles and quantity of property, namely, the property alleged in the information to have been seized "for a forfeiture," and to be in custody "as forfeited to the United States," and set forth in the schedule annexed to the report of the appraisers, and which the information prays may "be condemned by decree of forfeiture." The information, in specifying the causes of forfeiture, assigns the statutory causes to the three several descriptions of property seized —the manufactured tobacco, the articles of raw material, and the tools, implements, instruments and personal property found in the same place with the manufactured tobacco and the raw materials. The claimant claimed all the property that was seized and attached, and against which the information was directed, and answered as to the whole of such property, calling it "the said goods, wares and merchandise," and denying that it became or was forfeited. This was a denial that any of it was forfeited—a denial that any one of the three several causes of forfeiture specified in the information in regard to the three several classes of property seized, existed. It was these three issues that were tried. It was necessary for the government to prove the affirmative of each issue, in order to have a verdict condemning all the property seized. If it proved the affirmative of any particular issue, it would have a verdict condemning the property embraced in such issue. It is admitted there was evidence given tending to prove the affirmative of each of the first two issues. But it is denied that there was any evidence given that the "tools, implements, instruments and personal property" embraced in the third issue were found, as the information alleges, "in the place or building, and within certain yards and enclosures, where said tobacco and said raw materials were found as aforesaid," that is, as before alleged in the information, "at the tobacco manufactory of C. H. Lilienthal, 221 Washington street." This is an error of fact. The bill of exceptions, settled, signed, and filed in the case, states, that, "to maintain the issues on the part of the United States, the district attorney gave evidence tending to show that the claimant was a manufacturer and seller of tobacco in the city of New York, at and for a long time prior to the seizure in the information set forth, namely, prior to the 25th day of March, 1868, and that, at the time of the seizure, the claimant had in his possession, at his manufactory at Nos. 217, 219, and 221 Washington street, New York, the several quantities of manufactured tobacco and of raw materials, and the other personal property described in said information, and attached by the marshal, and claimed and released to the claimant as aforesaid." The words, "other personal property described in said information," mean the personal property other than the manufactured tobacco and the articles of raw material covered by the first and second issues, and mean the "tools, implements, instruments and personal property" covered by the third issue. The statement of the bill of exceptions is, that the evidence tended to show that, at the time of the seizure set forth in the information, that is, the seizure of all the personal property found at the manufactory of the claimant, 221 Washington street, he had in his possession, at such manufactory, all the property described in the information under the three heads. This necessarily means, that all of such property was found and seized at such manufactory, as one place or building.

There being evidence, then, to warrant a finding for the United States on each of the three issues, the jury returned a general verdict, saying, that "they find for the United States, condemning the goods." This verdict can mean nothing else than that they find for the United States on each and all of the issues. The words, "condemning the goods," create no uncertainty. The information asks that all the property, calling it "the said goods, wares and merchandise," "be condemned by decree of forfeiture." The claimant defended the property, by his answer, by the description of "the said goods, wares and merchandise." The word "goods," in the verdict, can mean, in reason, nothing else but all the property covered by all three of the issues. "Condemning the goods" means "condemning the property proceeded against herein." A verdict for the United States as to all the property was, necessarily, a verdict of condemnation. The words, "condemning the goods," do no harm. Still, they may be rejected as surplusage, if necessary. Under the evidence, a general verdict for the United States was perfectly good. This was such a verdict, whether the words, "condemning the goods," be retained or rejected. Such a verdict covered all the issues, and found all and each of them in favor of the United States.

A reference to the bill of exceptions shows that no other interpretation can be put upon the verdict than that which I have given to it. The court, after calling the attention of the jury to the statute on which the information was founded, the 48th section of the Act of June 30th, 1864, as amended by the 9th section of the Act of July 13th, 1866 (14 Stat. 111), stated to them, that there had been seized in the case, in addition to the manufactured tobacco and the raw materials, a large quantity of personal property connected with the establishment, the whole valued by the appraisers at $104,000, and that it was such property, consisting of the three classes, "found in this establishment," which was the subject of the suit; that the facts in the case were undisputed; that there was no serious contest about a single fact, ex-

cept in regard to the very point of the law—the intent; and that, if the government had not made out, to the satisfaction of the jury, that the intent to commit a fraud on the law, or to evade the payment of taxes, in respect either to the goods on hand, or to the goods to be manufactured out of the raw materials on hand, existed on the part of Mr. Lilienthal at the time "the goods" were seized, their verdict would be for the claimant. There was no exception, on the part of the claimant, to any portion of these instructions, and the jury found "for the United States, condemning the goods." It cannot be doubted that this is a verdict on which a judgment of forfeiture can be entered against all the prop-erty seized. The word "goods" was used in the pleadings, and by the court in its charge, and by the jury in their verdict, as synonymous with the words, "property proceeded against herein."

The verdict did not vary from the issue, nor did it fail to find the entire issue. It was a general verdict, and not a special verdict. There is nothing to show that all the jurors did not find each of the issues in favor of the government, as, under the instructions and the evidence, they were warranted in doing. It was not necessary for them to say that they found each of the issues in favor of the government. Moreover, on the evidence in the case, the jury could not find an intent in regard to either the manufactured tobacco or the raw materials, which did not exist in regard to both, and, under the statute, the existence of the forbidden intent in regard to either condemns all personal property found in the same place. The issue was, therefore, really a single one in regard to the intent respecting the manufactured tobacco and the raw materials, and there was no other issue of fact to be considered by the jury.

But, in any event, this would be a proper case for the court, under the 32d section of the act of September 24th, 1789 (1 Stat. 91), to give judgment according as the right of the cause in law appears, without regarding any imperfection, defect, or want of form in the verdict, and to amend any such imperfection, defect, or want of form. Roach v. Hulings, 16 Pet. [41 U. S.] 319; Parks v. Turner, 12 How. [53 U. S.] 39. I do not mean, however, to suggest, that the verdict in this case was not a proper verdict, or was not a general verdict, or was not proper in form as a general verdict, or that a general verdict was not the proper verdict to be rendered in this case.

The form of verdict rendered and entered in this case is that which has been used for many years in this court, in cases where a general verdict for the United States, in a suit in rem on a seizure of property on land, is proper. It seems to me to be correct in form, and not open to criticism.

The motion in arrest of judgment is denied.

This decision was affirmed by the circuit court on writ of error. [Case unreported.]