Ex parte CARDONNEL.

(District Court, N. D. California, First Division. July 17, 1912.)

No. 15,288.

1. ALIENS (§ 51*)—DEPORTATION—PERSONS OBNOXIOUS.

 Where an alien in deportation proceedings, during her examination, admitted that she was an inmate of or connected with a house of prostitution, she thereby confessed that she was an inadmissible alien and subject to deportation under Immigration Law (Act Cong. March 26, 1910, c. 128, § 2, 36 Stat. 264 [U. S. Comp. St. Supp. 1911, p. 502]).

 [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 51.*]

2. ALIENS (§ 40*)—CONSTITUTIONAL LAW (§§ 188, 197*)—RETROACTIVE STATUTES—EX POST FACTO LAWS—DEPORTATION.

 Petitioner, an alien, having been found engaged in prostitution after the amendment of Immigration Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899, by Act Cong. March 26, 1910, c. 128, § 2, 36 Stat. 264 (U. S. Comp. St. Supp. 1911, p. 502), eliminating the three-year limitation, it was no defense against an order of deportation that she had been a resident within the country more than three years prior to her arrest; the amendment applying to her misconduct after its passage not being objectionable as either retroactive or ex post facto.

 [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 100; Dec. Dig. § 40;* Constitutional Law, Cent. Dig. §§ 530, 550; Dec. Dig. §§ 188, 197.*]

Petition for writ of habeas corpus by Marie Cardonnel. Writ denied.

Marshall B. Woodworth and Charles H. McConaughy, for petitioner.

VAN FLEET, District Judge. The application of petitioner for the writ of habeas corpus must be denied.

Petitioner is held in the custody of the immigration commissioner of the port of San Francisco under a warrant of deportation from the Secretary of Commerce and Labor based upon a finding that petitioner is an alien not entitled to remain in the United States under the terms of the Immigration Act of February 20, 1907, as amended by Act March 26, 1910.

The validity of the warrant is assailed upon various grounds. It is repeatedly alleged that the hearing given the petitioner by the immigration authorities upon which the order was based was "not a full and fair hearing, nor full or fair, nor any legal hearing at all." But the facts set up to sustain this conclusion are in no respect different in kind or material substance from those urged against the sufficiency of the hearing and held bad in the recent case from this district of Low Wah Suey v. Backus (No. 869) 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. ——, decided by the Supreme Court on June 7th.

[1] It is also alleged that there was no evidence produced at the hearing to warrant the order of deportation against petitioner as one obnoxious under the act. But this is negatived by the facts testified to by the petitioner herself as a witness during her examination, as disclosed in a transcript of the proceeding submitted with her petition.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Those facts are quite sufficient in themselves to warrant a finding that she is within the class authorized by the act to be deported as one "found an inmate of or connected with the management of a house of prostitution." Act March 26, 1910, § 3.

[2] The further ground alleged, that the petitioner does not come within the act because of having been a denizen or resident within the country for more than three years prior to her arrest, and hence was not at the time of such arrest and order of deportation one of the class within the jurisdiction conferred upon the Secretary of Commerce and Labor under the terms of the act, is ineffectual and without merit. One of the obvious purposes of the amendatory act of 1910 was to eliminate and drop out the three-year limitation of the act of 1907; and the petitioner, having been found engaged in the prohibited occupation after the amendatory act took effect, is not in a position to successfully claim, as alleged in her petition, that the amendatory act is as to her "retroactive and ex post facto and null and void." U. S. v. Weis (D. C.) 181 Fed. 860; U. S. v. Prentis (D. C.) 182 Fed. 894. There is nothing to the contrary decided in the Low Wah Suey Case, as no such question was there involved.

While there are other grounds alleged in the petition against the validity of the order, I regard them as in the nature of mere conclusions involving no merit either of law or fact, and as not requiring special notice.

The writ is accordingly denied, and the application dismissed.