## UNITED STATES v. ONE ICE BOX et al.

District Court, N. D. Illinois, E. D. January 8, 1930.

No. 37846.

George E. Q. Johnson, U. S. Dist. Atty., and Walter E. Wiles, Asst. U. S. Atty., both of Chicago, Ill., for the United States.

Harry I. Weisbrod, of Chicago, Ill., for claimant.

WOODWARD, District Judge. Acting under a search warrant issued by United States Commissioner Walker, prohibition agents searched the premises of Stanley Fieza, the claimant. The place searched was fitted up as a saloon. The agents found in the place, and seized and removed therefrom to the government warehouse, a quantity of whisky and colored spirits, as well as a large amount of personal property, consisting chiefly of an ice box, mirrors, bars, cash register, tables, chairs, electric fan, tobacco, bot-

tles, and other miscellaneous articles. All articles seized were in the possession and under the control of the claimant. No tax had been paid for or on account of the whisky and colored spirits so found and seized. The whisky and colored spirits were intended for sale by the claimant.

The United States filed a libel to enforce the forfeiture of the personal property so seized, basing its action on section 3453 of the Revised Statutes (26 USCA § 1185). Fieza appeared and claimed the return of the personal property, other than the whisky and colored spirits.

Fieza was charged by criminal information with and convicted of the unlawful possession of liquor and maintaining a nuisance, in violation of the National Prohibition Act (27 USCA), the violation occurring at the same time and place as the alleged violation of the internal revenue laws. The United States contends that the whisky and colored spirits were in the possession, custody, and control of the claimant for the purpose of being sold by him in fraud of the revenue laws, and that the other personal property seized, which appear to form the stock, furniture, and fixtures of a retail dealer in liquors, were found at the same time and same place, in his possession, custody, and control, and are subject to forfeiture under the statute invoked.

The claimant contends: (1) The prohibition agents had no authority to seize any of the property, other than the whisky and colored spirits; (2) the personal property described in the libel is not subject to forfeiture and condemnation under the statute relied upon by the government; and (3) the conviction of the claimant for possessing liquor and maintaining a nuisance constituted an election by the government, and the government is barred from maintaining this libel in rem.

█ It is contended that the federal prohibition agents were without power to make the seizure. It is unnecessary, in this connection, to investigate the powers with which they are vested. Whether or not they had the power to make the seizure is immaterial. If the property is declared forfeited, the seizure, though made by an unauthorized person, may be adopted by the government, and, when so adopted, the seizure has the same effect as if originally authorized. United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025.

█ The main contention is that the forfeiture and condemnation are not authorized by section 3453 of the Revised Statutes (26 USCA § 1185), which reads as follows:

"Sec. 3453. All goods, wares, merchandise, articles, or objects, on which taxes are imposed, which shall be found in the possession, or custody, or within the control of any person, for the purpose of being sold or removed by him in fraud of the internal-revenue laws, or with design to avoid payment of said taxes, may be seized by the collector or deputy collector of the proper district, or by such other collector or deputy collector as may be specially authorized by the Commissioner of Internal Revenue for that purpose, and shall be forfeited to the United States. And all raw materials found in the possession of any person intending to manufacture the same into articles of a kind subject to tax for the purpose of fraudulently selling such manufactured articles, or with design to evade the payment of said tax; and all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or inclosure where such articles or raw materials are found, may also be seized by any collector or deputy collector, as aforesaid, and shall be forfeited as aforesaid. The proceedings to enforce such forfeitures shall be in the nature of a proceeding in rem in the Circuit Court or District Court of the United States for the district where such seizure is made."

The whisky and colored spirits found in Fieza's place are subject to a tax. The United States has the power to impose a tax on illicitly manufactured liquor. The liquor in the possession of Fieza was subject to the basic production tax. United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; section 605 of the Revenue Act of 1918 (40 Stat. 1057, 1108).

The liquor was intended to be sold or removed "in fraud of the internal revenue laws." The expression, "in fraud of the internal revenue laws" means in violation of such laws. In re Quantity of Tobacco, Fed. Cas. No. 11,500; In re Pollmann (D. C.) 156 F. 221; Toof v. Martin, 13 Wall. (80 U. S.) 40, 51, 20 L. Ed. 481. The contention that the real intent was to violate the National Prohibition Law, and not the internal revenue laws, cannot be sustained. In the case of Commercial Credit Corp. v. United States (C. C. A.) 18 F.(2d) 927, 929, the court say:

"Concealment and removal of the tax-unpaid goods by illegal transportation in the automobile were presumptive evidence of an intent to defraud the United States of the

tax thereon, despite the statements of the persons in charge of the vehicle that they were ignorant of the law imposing such tax. The fact that their primary interest may have been to violate the prohibition law need not prevent the court from inferring an intent also to evade the tax law, as such evasion would necessarily result from their concealment and removal of the alcohol. United States v. One Cadillac Automobile, etc. (D. C.) 292 F. 773; United States v. One White One-Ton Truck (D. C.) 4 F.(2d) 413; The Ella (D. C.) 9 F.(2d) 411."

■ The rule for the construction of this statute is that announced by the Supreme Court in the Cliquot's Champagne, 3 Wall. (70 U. S.) 114, 145, 18 L. Ed. 116, as follows: "Revenue laws are not penal laws in the sense that requires them to be construed with great strictness in favor of the defendant. They are rather to be regarded as remedial in their character, and intended to prevent fraud, suppress public wrong, and promote the public good. They should be so construed as to carry out the intention of the legislature in passing them and most effectually accomplish these objects."

The rule in the Cliquot's Champagne Case was approved in United States v. Stowell, 133 U. S. 1, 10 S. Ct. 244, 245, 33 L. Ed. 555, where the court said: "By the now settled doctrine of this court (notwithstanding the opposing dictum of Mr. Justice McLean in U. S. v. [Eighty-Four Boxes of] Sugar, 7 Pet. 453, 462, 463 [8 L. Ed. 745]), statutes to prevent frauds upon the revenue are considered as enacted for the public good, and to suppress a public wrong, and therefore, although they impose penalties or forfeitures, not to be construed, like penal laws generally, strictly in favor of the defendant; but they are to be fairly and reasonably construed, so as to carry out the intention of the Legislature."

■ An analysis of the section discloses its comprehensiveness. It provides for the seizure and forfeiture under the conditions there stated of (1) the contraband goods; (2) all raw materials intended to be manufactured into contraband goods with intent to sell them in fraud of the revenue laws; and (3) "all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or enclosure where such articles or raw materials are found."

Naturally and grammatically the words "articles" and "raw materials," respectively, as used in the third classification, refer to the contraband articles and contraband raw materials referred to in the first and second classifications. The plain and natural meaning of the language used is that all personal property in the same place where the contraband articles are found is the subject of forfeiture.

This construction accords not only with the plain and obvious meaning of the language used, but is also in harmony with the theory underlying the legislation by Congress on the subject of internal revenue, with the legislative history of the particular section under consideration and with the decisions of the Supreme Court construing an analogous statute.

There are many statutes of the United States providing for the forfeiture of property for violation of the internal revenue laws. In the case of Standard Carpet Co. v. Bowers (D. C.) 284 F. 284, 285, the court said: "The provisions of the Revised Statutes for the seizure * * * of goods for violations of the internal revenue laws are ancient and they are intended to be complete." The legislation of Congress with reference to internal revenue is intended, in its practical operation, to prevent frauds against the revenue. To that end provision is made, by the section under consideration, for the forfeiture, not only of the offending articles, but also of other property, though itself innocent, which is associated, connected with, and used in relation to the business conducted on the premises. Extraordinary temptations to defraud the government are present. Many ruses, subterfuges, and blinds may be resorted to. Personal property, other than the offending article itself, may be used to conceal the violation of law and to facilitate the accomplishment of the fraudulent purpose of evasion of the internal revenue laws. The sale and removal of property subject to a tax, but which has not been paid, may be effected in a room or place in a building having the equipment and outward aspect of a legitimate business. The internal revenue laws are not only complete, but they are drastic and stringent, and are intended effectively to prevent fraud. Upon the theory that fraud has been perpetrated in a place or building, all personal property contained in or connected therewith is subject to forfeiture. The personal property, by its association and connection, is infected also with the fraud.

While there seems to be no adjudicated case directly construing section 3453 (26 US CA § 1185) as above construed, yet this conclusion is warranted by the discussions of the

section in the cases of United States v. One Still, Fed. Cas. No. 15,954; United States v. Quantity of Tobacco, 5 Ben. 457, Fed. Cas. No. 16,106a; United States v. 256 Barrels of Beer, 2 Bond, 395, Fed. Cas. No. 16,579; United States v. Distillery at Spring Valley, Fed. Cas. No. 14,963; United States v. 16 Barrels of Distilled Spirits, Fed. Cas. No. 16,300; United States v. 33 Barrels of Spirits, Fed. Cas. No. 16,470.

The only opinion found in the reported cases where the facts are parallel is the case of Standard Carpet Co. v. Bowers (D. C.) 284 F. 284. In this case the petitioner had a business that was ostensibly for the purpose of dealing in rugs, linoleums, and carpets, but which was actually used to conceal and store tax-unpaid intoxicating liquors. In that case the government delayed its forfeiture proceedings and the question arose as to whether or not it was proper for the claimant to ask for the return of the seizure on petition. However, the District Judge assumed that section 3453, Rev. St. (26 USCA § 1185) was applicable. In the opinion the court said: "The provisions of the Revised Statutes for the seizure * * * of goods for violations of the internal revenue laws are ancient and they are intended to be complete. Section 3453 justifies a seizure and prescribes that the ensuing forfeiture shall be enforced by libel of information in rem." The conclusion indicated is justified also by a consideration of the legislative history of the section.

The general provisions of section 3453, R. S., originated in section 48 of the Act of June 30, 1864 (13 Stat. 240). That act provided that all goods, wares, merchandise, articles, or objects on which "duties" are imposed, which shall be found in the possession, etc., of any person for the purpose of being sold or removed in fraud of the internal revenue laws or with a design to avoid payment of duties, may be seized and forfeited; so also *articles* of raw materials" intended to be manufactured for the purpose of being sold in fraud of said laws; and "also all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or enclosure where such *articles* on which duties are imposed, as aforesaid, and *intended to be used by them in the fraudulent manufacture of such raw materials,* shall be found," may also be forfeited.

Clearly, the original act limited the forfeiture of tools, etc., and personal property, not only to those found in the inclosure with "articles on which duties are imposed" but also to those which were intended to be used "in the fraudulent manufacture of such raw materials."

Section 48 of the Act of June 30, 1864, above referred to, was amended by the Act of July 13, 1866, c. 184, § 9 (14 Stat. 111, 112 [26 USCA § 1185]), and in the form so enacted has remained unchanged up to the present time. Significant in the phraseology in the new act, as distinguished from the act of 1864, is the omission of any intended use of the tools, implements, instruments, and personal property, for the amended act provides that "all tools, implements, instruments, and personal property whatsoever, in the place or building or within any yard or enclosure *where such articles or such raw materials* shall be found, may also be seized. * * * " "Where the legislative body, in amending an act, omits certain limitations expressed in the original act in simple language, plain in its meaning, the presumption of law is that the limitation no longer exists, at least in the absence of other express words showing that it was intended to continue. Neither ambiguous nor uncertain language will prevail against such an express omission." United States ex rel. Brion v. Prentis (D. C. Ill.) 182 F. 894, 897; affirmed (C. C. A.) 192 F. 117, 118.

This conclusion is further fortified by the decision of the Supreme Court in the case of United States v. Stowell, 133 U. S. 1, 10 S. Ct. 244, 33 L. Ed. 555, in construing an analogous statute. Section 3281 (re-enacted in § 16, of the Act of 1875) of the Revised Statutes there under consideration provided for the forfeiture, among other things, of "all distilled spirits or wines, * * * and personal property, found in the distillery or rectifying establishment, or in any building, room, yard, or inclosure connected therewith and used with or constituting a part of the premises."

The court, referring to this cause, say:

"In order to give it such effect as will show any reason for its insertion in the Statute, it must be construed to intend, at least, that all personal property which is knowingly and voluntarily permitted by its owner to remain on any part of the premises, and which is actually used, either in the unlawful business, or in any other business openly carried on upon the premises, shall be forfeited, even if he has no participation in or knowledge of the unlawful acts or intentions of the person carrying on business there; and that persons who intrust their personal property to the custody and control of another at his place of business shall take the risk of its be-

124

ing subject to forfeiture, if he conducts, or consents to the conducting of, any business there in violation of the revenue laws, without regard to the question whether the owner of any particular article of such property is proved to have participated in or connived at any violation of those laws." 133 U. S. 1, 10 S. Ct. 244, 246, 33 L. Ed. 555, 559.

The conclusion is inescapable that all the personal property named in the libel is subject to forfeiture.

■ Does the conviction of Fieza under the National Prohibition Act (27 USCA) preclude the United States from enforcing a forfeiture under section 3453 (26 USCA § 1185)? The claimant, having been convicted of a violation of the National Prohibition Act (27 USCA) for possession of liquor and for maintaining a nuisance, contends that the personal property is not subject to forfeiture and invokes the language of section 5 of the Willis-Campbell Act (42 Stat. 223 [27 USCA § 3]) to the effect that a conviction under the National Prohibition Act is a bar to a prosecution under the revenue laws.

In support of this contention numerous cases have been cited. These cases all relate to a prosecution for the illegal transportation of intoxicating liquor under section 26 of title 2 of the National Prohibition Act (27 USCA § 40). These cases are not in point. Section 5 of the Willis-Campbell Act (26 USCA § 3) refers to criminal prosecutions. The words used are: "A conviction for such act or offense under one shall be a bar to prosecution therefor under the other." The words "conviction" and "prosecution," as here used, refer to criminal proceedings. They are peculiarly words of the criminal law. Plainly the conviction of Fieza under the National Prohibition Act bars any other prosecution of a criminal nature against him under the internal revenue laws. But this proceeding is civil, not criminal. The conviction of Fieza does not preclude the government from taking appropriate action of a civil nature under the internal revenue laws.

Judgment will pass in favor of the government.