## Case No. 15,954.

### UNITED STATES v. ONE STILL.

[5 Blatchf. 403;[1] 5 Int. Rev. Rec. 189.]

Circuit Court, E. D. New York. June 10, 1867.

INTERNAL REVENUE—ACT JUNE 30, 1864—GROUND OF FORFEITURE—FRAUDULENT INTENT—BURDEN OF PROOF—EVIDENCE—SUBMISSION TO JURY.

1. Under the 48th section of the internal revenue act of June 30, 1864 (13 Stat. 240), as amended by the 9th section of the act of July 13, 1866 (14 Stat. 111), where personal property is seized, because it is found in the place or building, or within the yard or enclosure, where the articles or raw materials previously mentioned in that section are found, the fraudulent intent or purpose of the person in the possession, or having the control, of such personal property, does not constitute an element of the ground of forfeiture.

[Cited in U. S. v. Quantity of Tobacco, Case No. 16,106.]

2. Where personal property is found in the condition specified in such 48th section, the onus is on the claimant of it, to make out that its situation was consistent with his entire innocence of complicity with the offences for which such articles or raw materials were seized.

[Cited in U. S. v. Two Hundred and Seventy-Eight Barrels of Distilled Spirits, Case No. 16,580.]

3. Such 48th section embraces the article of distilled spirits.

4. Where the evidence on a question is all one way, the court is justified in not submitting the question as one of fact to the jury.

[Cited in Weil v. Nevitt, 18 Colo. 10, 31 Pac. 488.]

This was an information against certain personal property seized for a violation of the internal revenue laws. The property consisted of two stills and their appurtenances and some whiskey, and also of a dwelling-house

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

and a lager beer saloon and a brewery and its appurtenances, the whole being enclosed in one enclosure by a high board fence. The stills and their appurtenances and the whiskey were condemned by default. On a trial as to the brewery and its appurtenances, a verdict was rendered for the government, and the claimant now moved for a new trial.

Benjamin F. Tracy, U. S. Dist. Atty.
William H. Hollis, for claimant.

Before NELSON, Circuit Justice, and BENEDICT, District Judge.

NELSON, Circuit Justice. The seizure, in this case, was made during the night of the 13th of January, 1867. Barrels of whiskey were found in several of the different rooms or apartments of the buildings on the premises, including the brewery. One of the stills, a copper one, was in operation, and the other, a wooden one, in an upper loft, had recently stopped, as was apparent from the heat of it. This last was heated by the same engine and boiler that were used to supply steam to the brewery, and the engine and boiler occupied a part of the same room in which was the copper still that was in operation. There was, also, a communication between this room and the brewery. The claimant insists that he was engaged exclusively in making lager beer, and occupied only a portion of the premises, consisting of the brewery, the engine and boiler room, and the malt room, stable and hay loft, and that he had no connection with the other parts of the building, occupied for the distillation of whiskey; and he produces a lease of the particular part occupied by himself. The revenue officers seized not only the stills, and the property connected therewith, and the whiskey, but also the brewery and all the personal property appurtenant thereto. No one appeared to claim the stills, &c., which it is said were occupied by one Smith, under a lease from the father of the claimant, who owned the premises, and had leased to the latter the portion he occupied. The question is, whether or not the officer was justified in the seizure of the property connected with the brewery.

Section 48 of the act of June 30, 1864 (13 Stat. 240), as amended by the ninth section of the act of July 13, 1866 (14 Stat. 111), is as follows, so far as relates to the present case: "All goods, wares and merchandise, articles or objects on which taxes are imposed by the provisions of law, which shall be found in the possession or custody, or within the control, of any person or persons, for the purpose of being sold or removed by such person or persons, in fraud of the internal revenue laws, or with design to avoid payment of said taxes, may be seized by the collector or deputy collector of the proper district, or by such other collector or deputy collector as may be specially authorized by the commissioner of internal revenue for that purpose, and the same shall be forfeited to the Unit-

ed States; and also all raw materials found in possession of any person or persons intending to manufacture the same into articles of a kind subject to tax, for the purpose of fraudulently selling such manufactured articles, or with design to evade the payment of said tax; and also all tools, implements, instruments and personal property whatsoever, in the place or building, or within any yard or enclosure, where such articles or such raw materials shall be found, may also be seized by any collector or deputy collector, as aforesaid; and the same shall be forfeited as aforesaid; and the proceedings to enforce said forfeiture shall be in the nature of a proceeding in rem, in the circuit or district court of the United States," &c. This section is very comprehensive, and, as is obvious, was so designed. It embraces, first, all goods, articles, or objects on which taxes are imposed by law, found in the possession or within the control of any person, for the purpose of being sold or removed in fraud of the internal revenue laws, or with intent to avoid payment of the taxes; second, all raw materials found in like possession or control, intended to be manufactured into articles of a kind subject to tax, with the intent to sell the same in fraud of the revenue, or to evade the payment of the tax; and third, all personal property whatsoever found in the place or building, or within the yard or enclosure, where the articles or raw materials previously referred to were found or seized. The reason for the seizure of the articles enumerated in the first and second class, is obvious enough. It is for the fraudulent intent of the person in the possession or control of them, that is, an intent to defraud the public revenue by evading the tax. The seizure of the articles in the third class stands on different grounds, namely, association with the guilty classes or articles. The fraudulent intent or purpose of the person in the possession, or having the control, of the articles does not constitute an element of the offence or ground of forfeiture. The reason for embracing this latter class is said to be, that personal property thus situated was frequently used to facilitate the accomplishment of the frauds provided against in the fore part of the section—for example, it is said, that distilleries were established in the rear of a livery stable, the latter being used not only as a blind, but being conveniently employed in the fraudulent removal of the distilled products.

The seizure of the property connected with the brewery in the present case was made under this section, the government claiming that it was within the same building and enclosure within which were found the guilty articles, namely, the stills, whiskey, &c. The evidence in this case leaves no doubt of the fact; and hence, prima facie, at least, this property fell within the clause in section 48, and called for explanation on the part of the claimant. This he undertook by attempting to establish that his business was wholly independent of the business of distilling whiskey, and that he occupied premises distinct and separate from those occupied by Smith the distiller. But the testimony is conclusive to show that, in respect to several parts of the premises, they were occupied in common, and that the engine and boiler of the claimant, for carrying on his brewery, were used for working a still in an upper loft to which access could be had only through apartments which it is admitted he occupied.

This provision of the law concerning articles of themselves innocent, but associated with guilty articles, is so specific and unqualified, that it might with great plausibility be contended that, if the former articles are found in the building, yard or enclosure, no explanation is admissible. We do not, however, concur in this conclusion. The provision is penal, and necessarily implies some degree of guilt in the condition of the property subjected to forfeiture. If the condition, however, in which it is found brings it within the words of the clause in the section, the onus is upon the claimant to make out, to the satisfaction of the court and jury, that the situation of the property was consistent with his entire innocence.

It is very strongly argued, that the forty-eighth section does not embrace the article of distilled spirits, and that other portions of the act, from section 23 onward, provide for that article. But we find nothing in those sections inconsistent with or repugnant to the section in question; and the article falls directly within its words.

It was also argued, that the court should have submitted the question, as one of fact, to the jury, whether the articles claimed were in the place, or within the building, yard or enclosure, where the distilled spirits, and the raw materials for making them, were found and seized. But the evidence was all one way on this point, and no question of fact could be raised upon it. The court rightfully disposed of it. We perceive no ground for granting a new trial, either upon the law or the evidence. New trial denied.