## Case No. 16,300.

### UNITED STATES v. SIXTEEN BARRELS OF DISTILLED SPIRITS.

[10 Ben. 484.] [1]

District Court, S. D. New York.   June, 1879.

INTERNAL REVENUE LAW — FORFEITURE OF PERSONAL PROPERTY UNDER REV. ST. § 3453.

Upon an information under Rev. St. § 3453, charging that certain distilled spirits seized, were found in a place mentioned and in the possession of persons unknown, for the purpose of being sold and removed in fraud of the internal revenue laws, and with design to avoid payment of taxes thereon, and claiming the forfeiture of a large number of other articles of personal property found in the same place: *Held*, that under that section it is not necessary, in order that such other personal property be forfeited, that raw materials intended to be used in the manufacture of articles subject to tax should be found in the same place. The case of U. S. v. 33 Bbls., etc. [Case No. 16,470], disapproved.

[This was an information of forfeiture against sixteen barrels of distilled spirits, seized at No. 340 Delancey street, New York City. Heard on a motion for a new trial.]

E. B. Hill, Asst. U. S. Dist. Atty.
E. T. Wood, for claimant.

CHOATE, District Judge. This is a motion for a new trial after verdict for the plaintiffs. The information was under Rev. St. § 3453. It charges that the 16 barrels of distilled spirits seized were articles upon which taxes were imposed, and were found in the place mentioned, in the possession of persons unknown, for the purpose of being sold and removed in fraud of the internal revenue laws, and with design to avoid payment of taxes thereon. It claims the forfeiture of said spirits and a large number of other articles of personal property found in the same place. A claim was interposed for the personal property other than the spirits, and upon the trial it was insisted, and now upon this motion it is insisted, that under that section of the Revised Statutes there can be no forfeiture of this personal property because it was not alleged or proved that any "raw materials" intended to be used in the manufacture of articles subject to tax were found in the place. The argument of the claimant is that the words "articles or raw materials" do not refer to the words "all goods, wares, merchandize, articles or objects," but only to the words "all raw materials found in the

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

possession of any person intending to manufacture the same into articles." But the proper antecedent of the words "such articles" is the words "all goods, wares, merchandize, articles and objects." These things before enumerated are here described under the general term "articles." There is no other sensible construction of the language nor anything else to which the term "such articles" can be held to refer with any regard to the grammatical meaning of the words. The words refer to something before mentioned in the section and are called articles as being "found" in the place. They cannot refer, therefore, to "articles" which might be in the future manufactured out of the raw materials found in the place, but which are not now found there. "Such articles" cannot, therefore, mean the articles which it is intended to manufacture out of the raw materials. The construction given to the section in this respect is that which it has uniformly received in this court and in the circuit court in this circuit. Quantity of Distilled Spirits [Case No. 11,494]; U. S. v. Quantity of Tobacco [Id. 16,105]; U. S. v. Distillery at Spring Valley [Id. 14,-963]. The construction is perhaps obscured by a change in punctuation made in the re-enactment of the law in the Revised Statutes, but it is evident that there was no change of meaning intended. In the original statute there is no full stop after the words "shall be forfeited to the United States," as there is in this section of the Revised Statutes. 13 Stat. 240.

It is further objected that the personal property subject to forfeiture under this section is only such personal property other than "tools, implements and instruments" as are in some way connected with the intended illegal sale or removal of the taxable articles or with the intended illegal manufacture of such articles from the raw materials; and the case of U. S. v. 33 Barrels of Spirits [Case No. 16,470], is relied upon as authority for this limitation of the words "other personal property whatsoever." While that decision sustains the point taken by the counsel for the claimant, I think it is in conflict with the views expressed in this district and circuit in the cases cited above. It seems to me, also, that the possible consequences of great hardship and injustice that might result from giving the words "other personal property whatsoever" their full and proper meaning, upon which the restrictive construction adopted by Judge Lowell is at least to a considerable extent based, namely, that in the case of a building occupied by many different and independent occupants personal property of enormous value in the possession of persons having no connection whatever with the proscribed articles or raw materials might become forfeited without any fault on their part, do not necessarily result from the construction giving the words "other personal property whatsoever" their full meaning. To be forfeited they must be in the "building or place" where the proscribed articles or raw materials are found. The word "place" seems here to refer to a place less than a building- or to a part of a building, as well as to a place other than a building or part of a building. There appears to be a reference to the "place" where the person who has in his possession the guilty articles has also other personal property. Therefore, the statute may be read as providing that all other personal property in the same building or the same place other than a building, occupied by the person or persons having the possession in such building or other place of the prohibited articles, shall be forfeited. It seems to me that this limitation of the language is much more in accordance with the spirit of the statute than that suggested by Judge Lowell, and that it avoids all forfeitures which are not clearly within the purpose of the internal revenue laws. Those laws are very severe in declaring forfeitures as against violators of the law, and it is entirely consistent with their spirit and provisions in other respects that all the personal property found in the same occupation with the proscribed objects should be forfeited, subject, of course, to the power of remission vested in the secretary of the treasury in case the property of innocent persons should, by some mischance, be included in the forfeiture.

The case of U. S. v. Locomotive Boiler [Case No. 15,621], decided in the Eastern district, has no bearing on this case. The demurrer to the information in that case was properly sustained because it did not allege the finding either of articles on which taxes were imposed, etc., or raw materials.

Motion denied.