## C. I. T. CORPORATION v. UNITED STATES.
### No. 6125.

Circuit Court of Appeals, Ninth Circuit.
Nov. 10, 1930.
Rehearing Denied Dec. 6, 1930.

Hinsdale, Otis & Johnson, of Sacramento, Cal. (Robert W. Jennings, of Sacramento, Cal., of counsel), for appellant.

Geo. J. Hatfield, U. S. Atty., of San Francisco, Cal., and Albert E. Sheets, Asst. U. S. Atty., of Sacramento, Cal.

Before RUDKIN and WILBUR, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

This is an appeal from an order directing the forfeiture and sale of a Graham truck upon a libel of information filed by the government under the provisions of section 3453, Rev. St. (26 USCA § 1185). Said libel is based on the ground that the truck was found within a yard, or inclosure, wherein intoxicating liquors were being manufactured with the intent of avoiding payment of tax thereon. Appellant claims that inasmuch as the liquor was being manufactured with the intent of violating the National Prohibition Act it could not be said to have been the intent of the manufacturers to violate the revenue law. This point is disposed of by the decision of the Supreme Court in U. S. v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. Appellant contends that the evidence is insufficient to justify the judgment for the reason that the truck in question was not within the premises or inclosure within the meaning of the statute imposing forfeiture. He claims that it was partly within and partly without the inclosure, and invokes the rule that statutes providing for forfeitures must be strictly construed, and that therefore the truck should not be held to have been within the inclosure at the time of the seizure. The only witness who testified as to the situation at the time of the seizure testified that at the time the truck was seized the rear wheels were just passing through the gate into the yard. This rule of strict interpretation of statutes declaring forfeiture is not followed in construing the revenue laws of the United States. As was stated by the Supreme Court in U. S. v. Stowell, 133 U. S. 1, 12, 10 S. Ct. 244, 245, 33 L. Ed. 555:

"By the now settled doctrine of this court (notwithstanding the opposing dictum of Mr. Justice McLean in United States v. Sugar, 7 Pet. 453, 462, 463 [8 L. Ed. 745]), statutes to prevent frauds upon the revenue are considered as enacted for the public good, and to suppress a public wrong, and therefore, although they impose penalties or forfeitures, not to be construed, like penal laws generally, strictly in favor of the defendant; but they are to be fairly and reasonably construed, so as to carry out the intention of the legislature. Taylor v. United States, 3 How. 197, 210 [11 L. Ed. 559]; Cliquot's Champagne, 3 Wall. 114, 145 [18 L. Ed. 116]; United States v. Hodson, 10 Wall. 395, 406 [19 L. Ed. 937]; Smythe v. Fiske, 23 Wall. 374, 380 [23 L. Ed. 47]."

 If we consider the purpose and effect of the law and give a reasonable interpretation thereto as applicable to the particular facts in this case, we have a situation where the persons in charge of the truck were bringing it into the inclosure for the purpose of using it in the violation of the revenue laws of the United States. The truck was loaded with material to be used for that purpose.