## RYAN v. UNITED STATES.
### No. 6184.

Circuit Court of Appeals, Ninth Circuit.

Nov. 17, 1930.

George D. Toole and C. S. Wagner, both of Butte, Mont., for appellant.

Wellington D. Rankin, U. S. Atty., and Howard A. Johnson and Arthur P. Acher, Asst. U. S. Attys., all of Helena, Mont.

Before RUDKIN and WILBUR, Circuit Judges, and JAMES, District Judge.

RUDKIN, Circuit Judge.

This was a proceeding by information to forfeit bar fixtures and other articles of personal property found in a soft drink parlor where intoxicating liquors, in respect whereof a tax was then and there due and unpaid, were kept and sold. The proceedings were instituted under section 3453 of the

Revised Statutes (26 USCA § 1185), which provides as follows:

"All goods, wares, merchandise, articles, or objects, on which taxes are imposed, which shall be found in the possession, or custody, or within the control of any person for the purpose of being sold or removed by him in fraud of the internal-revenue laws, or with design to avoid payment of said taxes, may be seized by the collector or deputy collector of the proper district, or by such other collector or deputy collector as may be specially authorized by the Commissioner of Internal Revenue for that purpose, and shall be forfeited to the United States. And all raw materials found in the possession of any person intending to manufacture the same into articles of a kind subject to tax for the purpose of fraudulently selling such manufactured articles, or with design to evade the payment of said tax; and all tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or inclosure where such articles or raw materials are found, may also be seized by any collector or deputy collector, as aforesaid, and shall be forfeited as aforesaid. The proceedings to enforce such forfeitures shall be in the nature of a proceeding in rem in the district court of the United States for the district where such seizure is made."

This section, enacted in 1866 (14 Stat. 111), was amendatory of section 48 of the Act of June 30, 1864 (13 Stat. 240). By the earlier act, the forfeiture, save as to goods, wares, merchandise, articles, or objects on which taxes were imposed, and raw materials, was limited to " * * * tools, implements, instruments, and personal property whatsoever, in the place or building, or within any yard or enclosure where such articles on which duties are imposed, as aforesaid, and intended to be used by them in the fraudulent manufacture of such raw materials, shall be found. * * *"

· It will be observed that by the amendment, or in the revision, the limitation in regard to the intended use of the tools, implements, instruments, and personal property was left out.

Although the amended section has been in effect for upwards of sixty years, the provision in regard to the forfeiture of personal property has never been construed by the Supreme Court or by any Circuit Court of Appeals, so far as we are advised, and the decisions of the Circuit and District Courts, both early and late, are in hopeless conflict.

Thus, in United States v. Thirty-three Barrels of Spirits, 28 Fed. Cas. page 72, No. 16,-470, decided in 1868, Judge Lowell said:

"The new statute amends the phraseology of this section in several other particulars, without perhaps much variation of the meaning, but omits altogether the qualifications of intended use of the tools, implements, instruments, and personal property, and upon a literal interpretation might seem to subject to seizure and forfeiture all goods and chattels and other things coming within the very general description of personal property, to whomsoever they may belong, if found in the same building, including out-buildings, yard, etc., with the offending goods. It is impossible to believe that any such sweeping condemnation is intended to be passed, founded upon mere proximity in place, upon the goods of all persons, innocent and guilty. In its application to a city or other busy place, where the same building is divided into numerous tenements, shops, offices, counting-houses, and warerooms, all being often found under one roof, and each occupied by a different tenant, the operation of such a law would work the most enormous and unheard of injustice. To take a single example: the money in the vaults of a bank might be forfeited for the fault of some petty trader in the attic of the banking-house."

The court then applied the maxim noscitur a sociis, and restricted the forfeiture to tools, implements, instruments, and personal property connected with the illegal business and found within the building, yard, or inclosure where the business was carried on.

In United States v. Sixteen Barrels of Distilled Spirits, 27 F. Cas. page 1098, No. 16300, decided in 1879, Judge Choate refused to follow the decision of Judge Lowell, but himself softened the rigor of the statute by confining the term "place" within narrow limits, thus permitting it to control over the more general language, building, yard, or inclosure. Judge Choate followed earlier decisions in the same court, which seem to sustain his view, except, perhaps, as to the meaning of the term "place" as employed in the statute. A reference to the other cases does not aid us.

The cases to which we have referred were all decided between 1868 and 1879, and for the next half century, so far as we are advised, there is no reported case on the subject under consideration. As said by the court in In re Hurley (D. C.) 37 F.(2d) 397, 401, decided during the present year:

"Since 1879, so far as disclosed by reported cases, the Department of Internal Revenue of the United States has not availed itself of this statute to seize personal property other than the contraband goods, except in the case of a distillery or manufactory of some kind."

In United States v. One Ice Box (D. C.) 37 F.(2d) 120, the court declared a forfeiture under facts very similar to those involved in this case, holding that all personal property found in a place where contraband articles intended to be sold or removed in fraud of the internal revenue laws, or to avoid payment of taxes, are kept, is subject to forfeiture under the section in question. On the other hand, in Re Hurley, supra, a contrary conclusion was reached, the court saying:

"I believe that the intent of the legislation in the matter of the seizure of other personal property which was clearly expressed in the statute in the form in which it was passed in 1864 was not changed by the taking out of certain words by the amendment of 1866. These words were taken out for a different purpose. I believe that the statute in its present form, when submitted to all the tests of statutory construction, still means that other personal property may be seized only in places where the contraband articles are being fabricated. I do not believe that it was ever intended that the finding of half a dozen bottles of non-tax paid liquor would work a confiscation of the entire contents of a large building used as a rooming house, or of the entire contents of a drug store or a department store in which they might be found or authorize the seizure and removal and forfeiture of all of the furniture and fittings of a great hotel."

A reference to the decided cases clearly demonstrates that the question with which we are now confronted is by no means free from doubt or difficulty, but, in view of the apparent attitude of the department charged with the administration of the revenue laws during the past fifty years, and in view of the inequality, if not injustice, that would necessarily result from a strict enforcement of the forfeiture provisions of the statute, as construed by the court below, we feel constrained to hold that such provisions should be limited or restricted to places where the contraband articles are manufactured, as in C. I. T. Corporation v. United States, 44 F.(2d) 950, decided by this court November 10, 1930.

The judgment of the court below is therefore reversed.